Taitt v Riehm Plumbing Corp. (2022 NY Slip Op 06775)

Taitt v Riehm Plumbing Corp.

2022 NY Slip Op 06775

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Webber, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 29074/19E Appeal No. 16738 Case No. 2022-02549 

[*1]Rahim Taitt, Plaintiff-Respondent,
v
Riehm Plumbing Corporation, Defendant-Appellant.

Law Office of Eric D. Feldman, New York (Evy L. Kazansky of counsel), for appellant.
Burns & Harris, New York (Matthew J. Duco of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about June 1, 2022, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff slipped and fell on water that spilled out of a garbage bin positioned to catch a leak from a pipe in the ceiling of the basement storeroom in a building owned by plaintiff's employer. About two months before plaintiff's accident, defendant had repaired a sanitary waste line pipe in a basement corridor outside the storeroom in which the accident occurred. Upon these undisputed facts established by the record, defendant should have been granted summary judgment, as there is nothing but speculation to connect defendant's work on the waste pipe in the corridor with the leak from the water pipe in the storeroom that appeared two months later and caused plaintiff's mishap.
We note that plaintiff cannot rely upon the doctrine of res ipsa loquitur, because he has not established that the pipes were within defendant's exclusive control (see Kosakowski v 1372 Broadway Assoc., LLC, 160 AD3d 567, 567 [1st Dept 2018]). Defendant made a showing, which plaintiff failed to rebut, that defendant was part of a rotation of plumbers who made only emergency repairs at the hospital, and that plaintiff's employer employed in-house plumbers.
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022